## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) Jacob Mathes; and <br> 2) Joshua Mathes, <br><br> Plaintiffs, <br><br> v. <br><br> 3) Mychal Soto; <br> 4) Joe Pelletier; and <br> 5) CD Baby, Inc., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-24-1259-SLP <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

1. This is a civil action seeking damages and injunctive relief for, *inter alia*, copyright infringement under the copyright laws of the United States (17 U.S.C. § 101 et seq.).

## PARTIES

2. Plaintiffs Jacob Mathes and Joshua Mathes (hereinafter "Plaintiffs") are brothers who are currently in a band named "Orphan," and they were founding members of a now defunct band named "Strangled."

3. Defendants Mychal Soto and Joe Pelletier (hereinafter "Defendants") were former members of the band "Strangled," which was co-founded by Defendants and Plaintiffs.

4. Defendant Mychal Soto is a prominent figure in the local and the regional heavy metal music scene. On information and belief, Defendant Soto's current address is 1405 NW 104th Ter., Oklahoma City, OK 73114.

5. On information and belief, Defendant Pelletier's last known address was 27 SE 30th St., Oklahoma City, OK 73129.

6. In 2021, Strangled was disbanded after artistic and personality incompatibilities.

7. "CD Baby" is a music distributor, and the platform Defendants have used to improperly upload "Strangled" music and from which on information and belief, they are improperly receiving royalties. "CD Baby" is headquartered at 9600 NE Cascades Parkway, Suite 180, Portland, OR 97220. "CD Baby" is a Delaware corporation and has listed its registered agent as VCorp Services, LLC, 108 W. 13th Street, Suite 100, Wilmington, DE 19801.

**JURISDICTION AND VENUE**

8. This Court has original subject matter jurisdiction over the claims in this action pursuant to the Copyright Act, 17 U.S.C. § 101 et. seq.; 28 U.S.C. §§ 1331, 1338, 1367, and/or 1400.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendants Soto and Pelletier reside in this district, and their wrongful conduct occurred here, so jurisdiction and venue are proper.

10. Defendant CD Baby, Inc. does business in this district, sends royalty checks to Defendants Soto and Pelletier here, and received music uploaded from this district. As such, jurisdiction and venue are proper under 28 U.S.C. § 1391.

11. This Court has original subject matter jurisdiction over the claims in this action pursuant to the Copyright Act, 17 U.S.C. § 101 et seq.; 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331.

## PLAINTIFF'S WORKS

12. Plaintiffs were responsible for the lyrical compositions of all of the songs written for the band "Strangled." Defendants assisted in the production of the music, but all of the lyrics were written by the Plaintiffs.

13. On June 12, 2020, Plaintiff Jacob Mathes founded "Strangled LLC" in order to conduct the Strangled's business as a legal entity. None of the Defendants wished to join the LLC, despite being invited to join by Plaintiff Jacob Mathes.

14. Plaintiff Jacob Mathes is the sole owner and member of "Strangled LLC" which has recently been renamed to "Feral LLC" to support his new band, "Orphan" and other endeavors.

15. Plaintiffs have copyrighted Strangled's music. See **Exhibit 1**.

## INFRINGING DEFENDANTS

16. In October 2022, Defendant Mychal Soto contacted Plaintiff Jacob Mathes regarding payment of royalties from Strangled's music revenue. Plaintiff Jacob Mathes informed Defendant Mychal Soto that he is the sole owner and is fully responsible for "Strangled LLC" as a business entity and felt it was necessary to conduct an accounting before committing to pay out any portions of royalties.

17. In October 2022, Plaintiff Jacob Mathes ceased personally communicating with Defendants after the relationship became strained due to Mr. Soto repeatedly requesting that he and Mr. Pelletier receive royalty payments, regardless of Plaintiff Jacob Mathes previously stating that he was gathering the information to present to a proper CPA to ensure that the business finances were in good order. In March 2023, Plaintiff Joshua Mathes ceased communication with Defendants as well due to ongoing harassment over the matter. Plaintiffs requested that Defendants only communicate through Plaintiffs' management email, which Defendants failed to do.

18. Plaintiffs removed Strangled's music from streaming platforms on or about March of 2023 following outrage from the heavy metal music community because of false and defamatory public comments and accusations of theft made by Defendants. The music was removed from streaming platforms to alleviate any future conflict while pursuing professional guidance to get financial affairs of the "Strangled LLC" in order.

19. On information and belief, Defendants have re-uploaded Strangled's music to streaming platforms without the permission of Plaintiffs.

20. On information and belief, the music was uploaded via the distributor "CD Baby" without Plaintiffs' permission.

21. On information and belief, "CD Baby" has uploaded "Strangled" music to various platforms and has received data and royalties from the various music streaming services and other platforms the music has been uploaded to.

22. All of Strangled's music was originally uploaded via the distributor "DistroKid."

## CAUSES OF ACTION

### First Cause of Action
### <u>Copyright Infringement</u>

23. Plaintiffs restate and incorporates herein by reference the preceding and subsequent allegations of this Complaint.

24. Plaintiffs' music consists of original works of authorship fixed in a tangible medium of expression. Plaintiffs' works have been registered with the United States Copyright Office, or are subject to applications for copyright registration and, as an individual with exclusive rights of copyright protection Plaintiffs have the exclusive rights of reproduction, preparation of derivative works, distribution, and display of same. 17 U.S.C. § 106.

25. Plaintiffs' works were available online and Defendants had knowledge of the music due to being former members of the band "Strangled."

26. Defendants copied, distributed, or sold without Plaintiffs' knowledge, consent or permission, Plaintiffs' works for Defendants' commercial use and benefit, including without limitation, for the purpose of financial gain and obtaining a competitive edge over Plaintiffs.

27. The foregoing acts of infringement have been willful, intentional, and in disregard of and with indifference to the rights of the Plaintiffs.

28. As a result, of Defendants' infringement of the Plaintiffs' exclusive rights under copyright, the Plaintiffs are entitled to relief pursuant to 17 U.S.C. § 504, and to its attorneys' fees and costs pursuant to 17 USC § 505.

29. Defendants' conduct is causing, and unless enjoined and restrained by this Court, will continue to cause, the Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. The Plaintiffs have no adequate remedy at law. Pursuant to 17 USC. §§ 502 and 503, the Plaintiffs are entitled to injunctive relief prohibiting Defendants from further infringing the Plaintiffs copyrights and ordering that each Defendant destroy or surrender any copies of the above-named works made in violation of the Plaintiffs' copyrights.

## Second Cause of Action
## Declaratory Relief

30. Plaintiffs restate and incorporate herein by reference the preceding and subsequent allegations of this Complaint.

31. Streaming services pay royalties based on the amount of traffic each song receives. On information and belief, Defendants have received payments for the songs uploaded without Plaintiffs' permission.

32. By copying, reproducing, distributing and selling Plaintiffs' works for their own commercial use and benefit, Defendants interfered with, impeded and/or prevented Plaintiff's ability to realize commercial gain from their creative efforts. As a result, Defendants' have received payments that should have gone to Plaintiffs' due to their copyright protections.

33. Plaintiffs request injunctive and declaratory relief from the streaming services to ban the upload of Strangled's music to their platforms or to make the royalty payments to Plaintiffs instead of Defendants.

## Third Cause of Action
### Fraudulent Misrepresentation

34. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint

35. Defendants Soto and Pelletier uploaded Strangled music to CD Baby, fraudulently misrepresenting that they were the owners of the work.

36. When said representations were made by Defendants Soto and Pelletier, upon information and belief, they knew those representations to be false and they willfully, wantonly, and recklessly disregarded whether the representations were true.

37. These representations were made by Defendants Soto and Pelletier with the intent of receiving royalty payments from CD Baby that they were not entitled to.

38. By reason of the foregoing, Plaintiffs suffered, and continue to suffer, financial damage and injury.

## Fourth Cause of Action
### Negligent Misrepresentation

39. Plaintiff restates and incorporates herein by reference the preceding and subsequent allegations of this Complaint

40. Defendants Soto and Pelletier made representations about the ownership of the Strangled music they uploaded to CD Baby. Those representations were false and when the representations were made, they knew they were false or had a reckless disregard for whether they were true.

41. Defendants Soto and Pelletier knew that CD Baby would rely on their representations in order to receive royalty payments they were not entitled to.

42. As a direct and proximate result of the foregoing, Plaintiffs suffered, and continue to suffer, financial damage and injury, and are entitled to all damages, including punitive damage, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

WHEREFORE, Plaintiffs respectfully ask the Court to rule in their favor and against the Defendants, and award Plaintiffs all actual, compensatory, consequential, direct, and indirect damages as a result of Defendants' infringement and related wrongful conduct; awarding Plaintiffs for all monies lost; awarding Plaintiffs exemplary damages; impounding all works wrongfully copied and uploaded and enjoining Defendants from such future wrongful conduct; awarding Plaintiffs the costs and expenses of this lawsuit, including reasonable attorneys' fees; interest; and such other and further relief as this Court deems proper.  More to the point, Plaintiffs asks the Court to:

- Enter preliminary and permanent injunctions providing Defendants shall be enjoined from directly or indirectly infringing the Plaintiffs' rights in the registered woks and ordering Defendants to destroy or surrender to Plaintiffs all copies of Plaintiffs' registered works in Defendants' possession, custody, or control;
- Award actual damages or statutory damages pursuant to 17 USC § 504, at the election of the Plaintiffs;
- Award Plaintiffs' costs in this case;
- Award Plaintiffs' reasonable attorney fees; and
- Provide such other and further relief as the Court deems proper.

Respectfully submitted,

*/s/ Ed White*
Edward L. White, OBA #16549
Edward L. White, P.C.
829 East 33rd Street
Edmond, Oklahoma 73013
Telephone:  (405) 810-8188
Facsimile:  (405) 608-0971
Email:  ed@edwhitelaw.com

**Attorney Lien Asserted**

**Jury Trial Demanded**